THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

**CIVIL CASE NO. 2:12-cv-00090-MR-DLH**

| | |
|---|---|
| IVA J. SMITH, )<br>)<br>             Plaintiff, )<br>)<br>   vs. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>            Defendant.[1] )<br>_____ ) | **ORDER OF REMAND** |

**THIS MATTER** is before the Court on the Defendant's Assented to Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Case to the Defendant. [Doc. 6]. The Plaintiff consents to the motion.

Sentence four of 42 U.S.C. § 405(g) provides, in pertinent part, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a

---

[1] During the pendency of this action, Carolyn W. Colvin became the Acting Commissioner of Social Security. Accordingly, Colvin is hereby substituted as the Defendant herein. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

rehearing." The Defendant here has moved for reversal of his decision and for remand of this case for further administrative.

The Court finds that remand is appropriate. See Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Upon remand to the Commissioner, the Appeals Council shall instruct the Administrative Law Judge to: (1) obtain evidence from a medical expert with neurological expertise, if available; (2) address the severity of Plaintiff's physical and mental impairments and their resulting limitations; (3) address the onset of disability prior to May 28, 2010; and (4) issue a new decision regarding Plaintiff's Title XVI claim[2] based on the total record.

**IT IS, THEREFORE, ORDERED** that the Defendant's Assented to Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. 6] is **GRANTED**.

---

[2] At the administrative level, Plaintiff also made a claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. The parties agree that the ALJ's decision dismissing Plaintiff's DIB claim should not be disturbed. Plaintiff's Complaint only seeks judicial review of the Title XVI decision. As stated in her Complaint, Plaintiff amended her alleged onset date to November 16, 2003, which is after her date last insured for the purposes of DIB; as such, the parties agree that Plaintiff has constructively withdrawn her DIB claim.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings, consistent with this Order.

The Clerk of Court shall enter a separate Judgment of Remand simultaneously herewith, thereby closing the case.

**IT IS SO ORDERED.**   Signed: March 5, 2013

Martin Reidinger
United States District Judge